UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                             :
DIAMOND TUCKER ST. PROPERTY, LLC,                            :
                                                             :
                                    Plaintiff,               :
                                                             :           25-CV-1746 (JMF)
                -v-                                           :
                                                             :           MEMORANDUM OPINION
FELICIA B. WATSON et al.,                                    :           AND ORDER
                                                             :
                                    Defendants.              :
                                                             :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Diamond Tucker St. Property, LLC ("Diamond Tucker") brings claims against Felicia B. Watson and the Law Offices of Felicia B. Watson, PLLC, relating to a transaction for the sale of a property located in Easton, Connecticut.  *See* ECF No. 31 ("FAC"), ¶ 24. Defendants move to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or, in the alternative, to transfer venue to the United States District Court for the District of Connecticut.  *See* ECF No. 32; *see also* ECF No. 32-14 ("Defs.' Mem.").  Diamond Tucker "accepts Defendants' agreement to transfer" the action but seeks transfer to the United States District Court for the District of South Carolina instead.  ECF No. 40 ("Pl.'s Opp'n"), at 26.[1]

As relevant here, venue is proper in either "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2).  If venue is improper, 28 U.S.C. § 1406(a) provides that a district

---

[1]     The Court had deferred decision on Defendants' motion because Diamond Tucker had filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") to transfer this case to the Northern District of New York.  *See* ECF No. 44.  By Order entered here on February 20, 2026, the JPML denied that motion.  *See* ECF No. 46.

court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406(a).  Applying these provisions here, the Court concludes that venue is almost certainly improper in this District and that transfer to the District of Connecticut is warranted.  That is because Diamond Tucker's claims have no connection to New York whatsoever; instead, they relate to property in Connecticut and appear to arise under Connecticut law.  *See* FAC ¶¶ 15, 24-25, 27.  Moreover, the First Amended Complaint explicitly alleges that the Law Offices of Felicia B. Watson, PLLC "is a citizen of the State of Connecticut."  *Id.* ¶ 15.[2]

Notably, Diamond Tucker itself consents to transfer; it merely argues that transfer should be to the District of South Carolina rather than the District of Connecticut.  That argument, however, is utterly without merit.  This case has no more connection to South Carolina than it does to New York.  Nothing relevant to the case is alleged to have happened in South Carolina.  And while Diamond Tucker alleges a connection between Watson and South Carolina, *see, e.g.*, FAC ¶ 3, it casts doubt on that connection itself, *see id.* ¶¶ 4-6, 7-8, 12, 18-19, and, in any event, alleges no such connection between the Law Offices of Felicia B. Watson, PLLC and South Carolina.  Thus, venue is almost certainly improper in South Carolina, and it is doubtful that there would be personal jurisdiction over both Defendants in South Carolina.  Making matters worse, Diamond Tucker itself has no connection to South Carolina (let alone to this District), *see* FAC ¶ 2, so its choice of forum is "accorded less deference," *Vierra v. Doe*, No. 26-CV-904

---

[2]      Relatedly, it is doubtful that this Court could exercise personal jurisdiction over Defendants; by contrast, it is plain that personal jurisdiction over both Defendants would be proper in the District of Connecticut.  Defendants move to dismiss on that basis, but "where personal jurisdiction would likely exist in the transferee district over a defendant who contests personal jurisdiction in the Southern District of New York, it is prudentially appropriate to address venue first."  *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 741 (S.D.N.Y. 2013) (internal quotation marks omitted).

(LTS), 2026 WL 579381, at *1 (S.D.N.Y. Feb. 27, 2026) (citing *Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001)).  Its sole argument in favor of the District of South Carolina is the fact that it has filed a "collateral" lawsuit against Watson there, *see* Pl.'s Opp'n 5, 26-27, but that does not come close to establishing that venue and personal jurisdiction over both Defendants would be proper in that District.[3]

In short, pursuant to Section 1406(a), the Court ORDERS transfer of this case to the United States District Court for the District of Connecticut.[4]  Accordingly, the Clerk of Court is directed to terminate ECF No. 32, to transfer this action to the United States District Court for the District of Connecticut, and to close the case in this Court.

SO ORDERED

Dated: March 11, 2026
       New York, New York

_____
        JESSE M. FURMAN
        United States District Judge

---

[3]    Moreover, Diamond Tucker seems to be seeking relief in the courts of Connecticut as well.  *See* ECF No. 42, at 2.  That and its previous efforts to have this case transferred to the Northern District of New York, *see supra* note 1, render its choice of South Carolina as the preferred forum for transfer of this case even more dubious.

[4]    If venue were proper in this District, the Court would nevertheless reach the same result and transfer the case to the District of Connecticut pursuant to 28 U.S.C. § 1404(a), which provides, in relevant part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Given the many connections between this case and Connecticut (and the comparatively few connections with New York and South Carolina), the factors that guide that inquiry would plainly call for transfer to Connecticut.  *See, e.g.*, *N.Y. Marine & Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).